Filed 8/7/14  P. v. Mejia CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCOS CHAVEZ MEJIA,<br><br>    Defendant and Appellant. | D064948<br><br><br>(Super. Ct. No. SCD246886) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Marcos Chavez Mejia appeals a judgment following his guilty plea to one count of stalking (Pen. Code, § 646.9, subd. (a))[1] and one count of residential burglary (§§ 459, 460).

---

1       All statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, a complaint was filed, charging Mejia with one count of stalking (§ 646.9, subd. (a)), two counts of false imprisonment by violence (§§ 236, 237, subd. (a)), one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), one count of making a criminal threat (§ 422), and one count of residential burglary (§§ 459, 460).  In July 2013, pursuant to a plea agreement, Mejia pleaded guilty to one count of stalking (§ 646.9, subd. (a)) and one count of residential burglary (§§ 459, 460).  Mejia admitted that the factual basis for his plea was that he "unlawfully, maliciously harass[ed] Laura Uribe and did make a credible threat with the intent to place her in reasonable fear for her safety," and also "unlawfully enter[ed] Laura Uribe's studio, an inhabited dwelling, with the intent to commit a felony."

The trial court sentenced Mejia to a three-year upper term for the stalking conviction and a two-year concurrent lower term for the residential burglary conviction. Mejia timely filed a notice of appeal of the judgment based on his sentence or other matters occurring after his plea.

DISCUSSION

Mejia's appointed counsel has filed a brief summarizing the facts and proceedings below.  Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  Counsel identifies the following possible, but not arguable, issues for our review: (1) is Mejia's guilty plea constitutionally valid; (2)

did the trial court comply with its section 1192.5 duty to establish a sufficient factual basis for Mejia's guilty plea; (3) did the court abuse its discretion by denying him probation; (4) did the court abuse its discretion by selecting the upper term for his stalking conviction; and (5) did the court err by not staying the sentence for his residential burglary conviction pursuant to section 654?

We granted Mejia permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Mejia has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.